## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

**ALLSTATE INSURANCE COMPANY**                    *
2775 Sanders Road
Northbrook, Illinois 60062                         *

    *Plaintiff,*                                 *

v.                                                 *    Civil Action No.

**LANIYA T. SPELLS**                               *
5446 Gardenwood Road
Baltimore, Maryland 21206                          *

and                                                *

**STANLEY ROCHKIND**                               *
5616 Park Heights Avenue
Baltimore, Maryland 21215                           *

and                                                *

**CHARLES W. RUNKLES**                             *
5616 Park Heights Avenue
Baltimore, Maryland 21215                           *

and                                                *

**DEAR MANAGEMENT & CONSTRUCTION**                 *
**COMPANY**
                                                   *
    SERVE ON:   Charles Runkles
               14 Warren Road, Suite 14B          *
               Pikesville, Maryland 21208
                                                   *
and
                                                   *
**S & S PARTNERSHIP**
                                                   *
    SERVE ON:   Charles Runkles
               14 Warren Road, Suite 14B          *
               Pikesville, Maryland 21208
                                                   *
    *Defendants.*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Insurance Company (hereinafter "Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Stanley Rochkind (hereinafter "Rochkind"), and further adds, Charles Runkles; Dear Management & Construction Company; S&S Partnership; and Laniya T. Spells as parties of interest.

### Parties

1.      Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois.  Allstate issued a Personal Umbrella Policy of insurance to Rochkind.

2.      Laniya T. Spells is an individual who is a resident of Baltimore City, Maryland. She is a party of interest to this declaratory action given that she is a plaintiff in the Underlying Suit.

3.      Stanley Rochkind is a resident of Baltimore County, Maryland.  Prior to the filing of this declaratory action, Stanley Rochkind was named as a defendant in *Laniya T. Spells v. S&S Partnership, et al.* (Case No.: 24-C-19-000820) (hereinafter the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, Laniya T. Spells (hereinafter "Spells"), alleges that she contracted poisoning from lead paint from various properties, including a property owned by entities of which Stanley Rochkind is a stockholder/member/partner/manager.  The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City.  By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to Rochkind relating to the claims asserted by Spells in the Underlying Suit.

4.      Charles Runkles is a resident of Baltimore, Maryland.  He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

5.      S&S Partnership, upon information and belief, is a Maryland sole proprietorship or general partnership, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  S&S Partnership is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

6.      Dear Management & Construction Company, upon information and belief, is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  Dear Management & Construction Company is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

<strong><u>Jurisdiction and Venue</u></strong>

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b).  As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and the Personal Umbrella Policy of insurance, held by Rochkind, provides defense and indemnity coverage up to Five Million Dollars ($5,000,000).  Allstate is incorporated in Delaware, with its principal place of business in Illinois.  Rochkind and Spells are residents of Baltimore, Maryland.

8.      Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as Rochkind resides in Maryland and Rochkind's principal place of business is in Maryland.  Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

**Facts**

9.      On or about, February 11, 2019, Spells filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Rochkind and other defendants in the Circuit Court of Maryland for Baltimore City.   The Underlying Suit alleges that Spells contracted harmful, elevated blood lead levels due to exposure to lead paint at a residential property located at 2722 Tivoly Avenue (hereinafter the "Subject Premises"), in Baltimore City, Maryland.  *See* Complaint and Demand for Jury Trial attached hereto as **Exhibit A**.

10.     The Underlying Suit alleges Defendants Stanley Rochkind; Charles Runkles; S&S Partnership; and Dear Management & Construction Company owned the Subject Premises during the time period alleged in the Complaint.  Upon information and belief, Stanley Rochkind is a partner of S&S Partnership and Dear Management & Construction Company.  *See* **Exhibit A**.

11.     The Complaint in the Underlying Suit indicates that Spells resided, visited, and spent significant amounts of time at the Subject Premises from birth (April 24, 1998) through 2004. *See* **Exhibit A** at ¶ 2.

12.     Allstate issued a Personal Umbrella Policy of insurance, No.: 028737150 (hereinafter the "Subject Policy"), which provided excess personal liability coverage for the Rochkind between June 13, 1988 until June 13, 2000, when it was cancelled.  On June 13, 1999, an exclusion of coverage for claims alleging lead exposure went into effect.  The Subject Policy is attached hereto as **Exhibit B**.

13.     Allstate contends it has no obligation to defend and/or indemnify Rochkind for any damages arising from Spells' alleged exposure after June 13, 1999, when coverage for lead exposure under the Subject Policy terminated.

14.     As such, Allstate contends that Rochkind is responsible for a pro-rata portion of her indemnity arising from Spells' allegations in the Underlying Suit.

15.     Allstate generally denies that coverage is available for Rochkind under the Subject Policy for Spells' alleged injuries; however, in the event that coverage may be available under the Subject Policy, the Subject Policy does not provide coverage for damages that occurred on or after June 13, 1999.

### Count I – Declaratory Judgment

16.     The allegations set forth in Paragraphs 1 through 15 are incorporated herein by reference.

17.     An actual and immediate controversy exists between Allstate and Rochkind with respect to Allstate's duties and obligations under the Subject Policy.

18.     Allstate contends that under the Subject Policy there is no indemnity coverage for any damages arising from Spells' lead exposure that occurred on or after June 13, 1999, when the Subject Policy expired.

19.     As such, Allstate contends that Rochkind is responsible for all damages awarded to Spells that allegedly arose from exposure to lead occurring on or after June 13, 1999.

20.     Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential responsibility under the Subject Policy for damages arising from Spells' alleged exposure.  668 F.3d 106 (4th Cir. 2012)

21.     Allstate is entitled to a determination of its duties with respect to Rochkind under the terms of the Subject Policy pursuant to 28 U.S.C. § 2201.

22.     There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that coverage is not available for Rochkind  under the Subject Policy for any damages caused by lead exposure to Spells, occurring on or after June 13, 1999, that Rochkind is responsible for all damages caused by exposure which occurred on or after June 13, 1999, and that Allstate's share of the pro-rata allocation of liability is limited to 58.62% of the total of any judgment for Spells, with Rochkind liable for the remaining 41.38% of the total of any judgment for Spells, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

Respectfully submitted,

*/s/ Adam G. Smith*
Paul J. Weber (Bar No. 03570)
Adam G. Smith (Bar No. 19241)
Sean P. Hatley (Bar No. 20139)
Amanda C. Sprehn (Bar No. 28071)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Phone:          (410) 266-0626
Facsimile:    (410) 841-5065
Email:          pweber@hwlaw.com
Email:          adamsmith@hwlaw.com
Email:          sphatley@hwlaw.com
Email:          asphren@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*