IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALLSTATE<br>INSURANCE COMPANY<br>   *Plaintiff*<br><br>   v.<br><br>LANIYA T. SPELLS *et al.*,<br>   *Defendants.* | Civil Action No. ELH-19-3242 |

## MEMORANDUM

Plaintiff Allstate Insurance Company ("Allstate") filed suit on November 8, 2019, seeking a declaratory judgment against defendants Laniya T. Spells, Stanley Rochkind, Charles W. Runkles, Dear Management & Construction Company ("Dear"), and S&S Partnership ("S&S"). ECF 1 (the "Complaint"). In the suit, Allstate asks the Court to declare that it is not required to defend or indemnify Mr. Rochkind, Mr. Runkles, S&S, or Dear for claims asserted against them by Ms. Spells in connection with a case that she filed in the Circuit Court for Baltimore City. In that case, Ms. Spells seeks damages for injuries that she allegedly sustained due to exposure to lead paint and dust at 2722 Tivoly Avenue in Baltimore, Maryland.

Summons were issued on November 12, 2019. ECF 3. On December 18, 2019, summons were returned executed as to Mr. Rochkind, Mr. Runkles, Dear, and S&S. ECF 4. The same day, plaintiff filed a "Motion for Alternative Service" (ECF 5, the "Motion"), supported by three exhibits. ECF 5-1 to ECF 5-3.

In the Motion, Allstate avers that it "has been unable to serve Spells" despite "multiple attempts." ECF 5 at 1. According to Allstate, it retained Monumental Process Servers Inc., which has unsuccessfully tried to serve Ms. Spells both through personal service of process and certified

mail. Thus, Allstate requests that it be permitted to serve Ms. Spells "through alternative means." *Id.* at 2. Specifically, Allstate asks that it be permitted to effect service on Ms. Spells by transmitting the summons and Complaint via certified mail to Brian Brown, whom Allstate alleges is Ms. Spells' attorney in the underlying State action. *Id.*

Federal Rule of Civil Procedure 4 governs service of process. As is relevant here, Rule 4(e) sets forth the permissible methods for serving an individual located within a judicial district of the United States. Fed. R. Civ. P. 4(e). A plaintiff may effect service by following the procedures for service of the state where the district court is located or of the state where service is made. Fed. R. Civ. P. 4(e)(1). Alternatively, a plaintiff may effect service by one of the methods delineated in Rule 4(e): (1) mailing a copy of the summons and complaint "to the individual personally"; (2) personal delivery by leaving a copy "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) delivering a copy to the an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

Allstate does not contend that Mr. Brown is authorized by law to receive service on behalf of Ms. Spells, nor does it claim that he has actual authority by appointment. Rather, Allstate contends that service on Mr. Brown satisfies Rule 4(e)(1) because this method is permitted by Maryland law. ECF 5 at 2. Thus, I turn to examine Maryland's rules for service of process.

Maryland Rule 3-121(a) provides that service of process on an individual may be made by the same three methods set forth in Fed. R. Civ. P. (4)(e)(2). Under Maryland Rule 3-121(b), a court may authorize service of process to be made by mail to a defendant's last known address where "proof is made by affidavit that a defendant has acted to evade service." And, pursuant to Maryland Rule 3-121(c), where the plaintiff demonstrates that its "good faith efforts" to serve the

defendant in accordance with Maryland Rule 3-121(a) have not succeeded and Maryland Rule 3-121(b) is "inapplicable or impracticable," a court "may order any other means of service . . . appropriate in the circumstances and reasonably calculated to give actual notice" of the lawsuit.

Allstate satisfies the threshold requirement of Maryland Rule 3-121(c); it has attempted to serve Ms. Spells by the methods of service included in Maryland Rule 3-121(a) and 3-121(b). *See* ECF 5-3 (Affidavit of Adam G. Smith). But, Allstate offers little to show that serving Mr. Brown is appropriate or likely to put Ms. Spells on notice of the lawsuit. For starters, Allstate fails to indicate whether it has contacted Mr. Brown in connection with this suit. Indeed, Mr. Brown may provide Allstate with Ms. Spell's address or helps facilitate personal service on Ms. Spells, thereby obviating the need for this Court's intervention.

Moreover, Allstate provides no basis to support its assertion that "Mr. Brown must have contact with Defendant Spells." ECF 5-1 at 2. Absent such evidence, however, I cannot conclude that service on Mr. Brown would be reasonably calculated to give notice to Ms. Spells. *See GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (collecting cases for the proposition that "a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney"); *Progressive Se. Ins. Co. v. J & P Transp.*, 1:11-CV-137, 2011 WL 2672565, at *3 (N.D. Ind. Jul. 8, 2011) ("[B]efore authorizing service on a defendant's attorney, a court must be assured that this method of service is 'reasonably calculated' to give notice of the action to the defendant."). In short, at this juncture, Allstate has not shown that service on Mr. Brown comports with Maryland Rule 3-121(c).

Therefore, I shall deny the Motion. An Order follows.

Date: March 27, 2020                    _____/s/_____
                                        Ellen L. Hollander
                                        United States District Judge